## GLOVER *v.* CHASE.

*(Circuit Court, D. Minnesota. March, 1882.)*

1. **DEED AND CONSIDERATION IN ESCROW.**

   Defendant purchased certain lands from plaintiff, for which he was to give him his note for the purchase price, to be delivered to a third party to be held in escrow till paid by defendant and till a warranty deed should be executed by the plaintiff, and be deposited in escrow with said third party to be delivered to the defendant. The note matured and was not paid, and plaintiff deposited a deed, executed by the proper parties, with said third party, as agreed upon, but the description of the land in the deed did not correspond with that mentioned in the agreement of sale. In an action by plaintiff on the note it was *held* that there was no consideration and no delivery of the note to the plaintiff, for the reason that the condition of the contract had not been completed by the delivery of a deed for land described in the contract.

2. **SAME.**

   The party holding the note and deed in escrow was not the plaintiff's agent, but if plaintiff had deposited a deed with him for the land described in the contract, the defendant could not prevent a recovery by plaintiff notwithstanding the note was in possession of a third party and he had failed or refused to deliver it. Such party would be recognized as the agent of plaintiff.

*O'Brien & Wilson*, for plaintiff.

*Warner & Stevens*, for defendant.

NELSON, D. J. This is an action on a promissory note, tried by the court without a jury, per stipulation on file. The plaintiff, to prove his case, showed the note in possession of one Folsum, and that he held it under a contract, which was produced on the trial, and is in the following words, to-wit:

"This agreement, made and entered into this nineteenth day of April, A. D. 1881, by and between John E. Glover and Wellington Vannatta, of St. Croix county, Wisconsin, (doing business as Glover & Vannatta,) parties of the first part, and A. M. Chase, of Taylor's Falls, Minnesota, party of the second part, witnesseth: That whereas, said Glover & Vannatta have obtained title by tax deed of the S. W. ¼ of the S. W. ¼ of section six, (6,) township forty-one, (41,) of range nine (9) west, in Ashland county, Wisconsin, upon which is situated the Paquawance dam, heretofore built and occupied by

said party of the second part; and whereas, said party of the second part is desirous of purchasing said property of the party of the first part:

"Now, therefore, these presents witnesseth that said party of the second part agrees to pay therefor the sum of $1,000, within 60 days after one-half of the Namekagon drive of logs for the season of 1881 is in the St. Croix boom, and has executed a note for that amount, payable at that time, to said party of the first part, and deposited the same is escrow in the hands of L. W. Folsum.

"It is agreed that said party of the first part shall, as soon as is convenient, execute a warranty deed of said premises, good and sufficient in the law to pass the title in fee-simple to said premises to said Aaron M. Chase, and deliver the same into the hands of said Folsum, to be held by him in escrow until the said note shall be fully paid, and when so paid shall be by said Folsum delivered to said Chase. And said Chase further agrees to enter into said premises, and hold the same as the tenant at sufferance of said party of the first part, and shall have no further right or interest therein until the said note is paid, and the deed delivered to said Chase.

"In witness whereof, we have hereunto set our hands and seals the day and year first above mentioned.                    "GLOVER & VANNATTA.
                                                            "A. M. CHASE.
"Signed in presence of
    "L. W. FOLSUM."

The contract in terms provides for the payment of $1,000 for the land therein specified, and the defendant executed his note for this amount, and deposited it in escrow with Folsum according to the agreement. The note reads as follows:

"$1,000.                               TAYLOR'S FALLS, April 18, 1881.
"For value received I promise to pay John Glover, or order, $1,000, 60 days after one-half of the logs now being in the Namekagon river shall have been driven into the St. Croix boom.                        A. M. CHASE."

This note, as I construe the agreement, was not to be delivered to the plaintiff until he and one Wellington Vannatta executed a warranty deed sufficient to pass the title in fee of the premises mentioned in the agreement, running to the defendant, the maker of the note, as grantee, and delivered it to Folsum, to be held by him in escrow until said note shall be fully paid, and when the note was paid the deed "shall be by said Folsum delivered to said Chase."

A deed was introduced, executed by the proper parties, which had been deposited with Folsum, but the description of the land does not correspond with that mentioned in the agreement, and Folsum has retained in his possession both the note and the deed. It is proved that the note, according to its terms, has matured.

The answer of the defendant denies the execution and delivery of the note, and alleges that the plaintiff is not and never was the owner or

holder thereof. It is urged that the defendant, to avail himself of the defence that the note was not delivered, because the conditions of the agreement were not completed, should have so pleaded, and under his answer, as cited above, cannot avail himself of such defence. This may be true as a general rule, but in this case the plaintiff, to sustain his right to recover, showed the note in the actual possession of a stranger to the controversy, and to account for such possession was compelled to prove how he obtained it. This opened the whole transaction, and the defence that there was no consideration and no delivery of the note to the plaintiff, for the reason that the condition of the contract had not been completed, was properly urged by the defendant, and the contract itself was competent evidence. Folsum was not the plaintiff's agent. He held both the note and the deed in escrow; but, if the evidence had proved the deposit of a deed for the land described in the contract with Folsum, the latter could not prevent a recovery by the plaintiff, notwithstanding the note was in Folsum's possession, and he had failed or refused to deliver it. The law would in that case recognize Folsum as the agent of the plaintiff from the time the deed, in proper form, was executed and placed where the parties agree that it should be. As no deed in proper form of the land described in the contract was deposited with Folsum, as agreed upon, the plaintiff has failed to prove his right to recover, and the defendant is entitled to judgment, and it is so ordered.